IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMAR RICHARD MILLER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 22-CV-2540 |
| GEORGE W. HILL DELAWARE<br>COUNTY CORRECTIONAL<br>FACILITY, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:<br>: |

## MEMORANDUM

**YOUNGE, J.**                                                                                                                  **JULY  11, 2022**

       Stamar Richard Miller, a detainee in custody at George W. Hill Correctional Facility ("GWHCF"), has filed this civil rights action along with a Motion to Proceed *In Forma Pauperis*. Named as Defendants are "George W. Hill Delaware County Correctional Facility," James Y. Simpkins, and Cpl. Young. The individual Defendants appear to be Tinicum Township police officers. For the following reasons, the Motion to Proceed *In Forma Pauperis* will be granted and the Complaint will be dismissed with prejudice.

**I.**      **FACTUAL ALLEGATIONS**

       In a Complaint that he signed on June 23, 2022, Miller asserts that on May 27, 2020, Defendants Simpkins and Young executed a search warrant on Miller while he was incarcerated at GWHCF. (Compl. (ECF No. 1) at 3, 5.)[1] As a result of the search warrant, a buccal swab was seized from Miller. (*Id*. at 3.) Miller apparently objected to the search on Fifth Amendment grounds and asked to speak with counsel. (*Id*.) He claims he declined consent to the swab and was threatened by Simpkins that, if he did not comply, the swab would be done with force. (*Id*.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

Unnamed GWHCF employees placed Miller in a room where video court proceedings take place at the facility and Miller "was [not] able to get help from anyone." (*Id.*) A non-defendant named C/O Lawler was present. Miller appears to assert that the duress of the use of force, false imprisonment, threats, and psychological torture compelled him to comply with the swab procedure. (*Id.*) As relief for his claims, he seeks an order finding the use of the swab evidence in his criminal case be found "null and void." (*Id.*) He also seeks to have his criminal charges *nolle prossed*. (*Id.* at 4.) Finally, he seeks $1.5 billion. (*Id.*)[2]

A review of publicly available information indicates that Miller was arrested by Simpkins on May 18, 2020 on charges of indecent deviate sexual intercourse by forcible compulsion, sexual assault, kidnapping to facilitate a felony, false arrest, robbery, burglary, and related charges. *See Commonwealth v. Miller*, CP-23-CR-459-2021 (C.P. Delaware). On November 16, 2021, Miller filed a *pro se* motion in his criminal case to suppress physical evidence. *Id*. Thereafter, his appointed counsel moved to withdraw from the case. Counsel was permitted to withdraw on December 21, 2021 and new counsel was appointed for Miller. Miller thereafter filed motions to proceed *pro se* in the criminal case or to have different counsel appointed. Replacement counsel also moved to withdraw. The charges against Miller remain pending.

---

[2] The Court notes that several days after mailing his Complaint, Miller mailed an additional pleading that the Clerk of Court entered on the docket as an "Amended Document" under this civil action number. (ECF No. 3.) That document is a handwritten copy of a form complaint and appears to name entirely different defendants and raise entirely different claims. In the Order that accompanies this Memorandum, the Court will direct the Clerk to open a new civil action so that Miller may pursue the claims he describes in the document.

## II. STANDARD OF REVIEW

Miller is granted leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Miller is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. Claims Seeking Dismissal of Charges

Miller asserts claims for violation of his Fifth Amendment right against self-incrimination arising from the involuntary seizure of the swab evidence and seeks in part to have this state criminal charges *nolle prossed*. The vehicle by which federal constitutional claims may

---

[3] Because Miller is a prisoner, he will be required to pay the filing fee in full in installments pursuant to the Prison Litigation Reform Act.

be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). Accordingly, any claim seeking release from custody is dismissed with prejudice.

      B.    **Claims Seeking Damages**

To the extent Miller seeks money damages, this claim is not plausible against Defendant GWHCF because a correctional facility is not a "person" as that term is used in § 1983. *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (holding that GWHCF is not liable as a "person" for purposes of § 1983); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976). Accordingly, Miller cannot seek money damages from GWHCF.

Additionally, Miller's claims against all Defendants are facially time barred. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Miller's § 1983 claim for money damages against Defendants Simpkins and Young is two years.

A claim accrues under the relevant federal civil rights laws "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

The events allegedly violating Miller's Fifth Amendment rights occurred on May 27, 2020. However, Miller signed his Complaint and delivered it to prison authorities for mailing on June 23, 2022, (Compl. at 5), more than two years after the events occurred. Application of the time bar is apparent on the face of Miller's Complaint since he concedes he was aware that his rights were allegedly being violated during the seizure of the swab evidence and he knew that his

injury had been caused by the conduct of Simpkins and Young. Accordingly, the Complaint is dismissed against all Defendants with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss this case with prejudice. An appropriate order follows that includes the direction to the Clerk of Court to open a new civil action for Miller's "Amended Document." Miller will be required to pay a separate filing fee for that case, which must be paid in full in installments should he qualify for *in forma pauperis* status as a prisoner. Should Miller decide not to pursue the new civil action, he may so advise the Court and the new case will be marked as withdrawn.

**BY THE COURT:**

/s/ John Milton Younge
_____
**JUDGE JOHN M. YOUNGE**